[Crim. No. 270.     Department Two.—October 8, 1897.]

## THE PEOPLE, Respondent, v. ARTHUR ASHMEAD et al., Appellants.

CRIMINAL LAW—BURGLARY—EVIDENCE—STATEMENTS SHOWING INNOCENCE.—On a trial for burglary, after evidence has been offered showing that, on the night of the burglary, the defendants were arrested with the property stolen in their possession, statements then made by them to the arresting officer, relating to their movements on the night in question, and to the goods in their possession, which if true, tended to show their innocence, are admissible without preliminary proof that such statements were freely and voluntarily made.

ID.—BREACH OF PAROLE.—Evidence is further admissible that on account of such statements the arresting officer then released the defendants upon their promise to return the next morning, the goods being left in his custody, but that they did not return then or at all, and that they were rearrested, after considerable search, several days later.

ID.—CHANGES IN INSTRUCTIONS ASKED.—In such a case, changes made in instructions requested by the defendants that guilt must be proven "beyond all reasonable doubt," by inserting the word "a" in the place of "all," and that "possession of stolen property . . . . is not sufficient to warrant a conviction," by inserting the word "mere" before the word "possession," are immaterial and without prejudice to the defendants.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.     B. N. Smith, Judge.

The facts are stated in the opinion.

Blakely & Barber, for Appellants.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

BRITT, C.—Defendants were convicted of the crime of burglary. At the trial there was evidence that on the night of October 30, 1896, a building, the property of one Douglas, was entered

and certain farm produce belonging to Douglas was stolen therefrom; on the same night defendants were arrested and had then in their possession—in a wagon driven by them—the produce aforesaid with other property of perishable character; at this time they made certain explanations to the arresting officer relating to their movements on the night in question and relating to the said goods in their possession; these statements, if true, tended to show the innocence of defendants; the court admitted testimony of the declarations thus made to the officer, and it is argued now that the same was incompetent because not preceded by proof that such statements were freely and voluntarily made. The objection is groundless; the declarations were not confessions of guilt; whatever inculpatory force they had arose, not from their intrinsic effect, but from the comparison of them with other facts appearing in the case. (*People v. Hickman,* 113 Cal. 80.)

Defendants told the officer who arrested them that they had purchased the goods found in their possession and could prove their assertion, and besought him not to take them to jail; their protestations so far prevailed that he allowed them to go their way—the goods and their wagon and horse being left in his custody—upon their promise to return in the early morning; they did not return then or at all, but were rearrested by the officer, after considerable search, several days later. Defendants urge that evidence of the breach of their parole was improperly allowed by the court. Even if their conduct was not the equiva-. lent of flight from arrest, as defendants argue, still their failure to keep faith with the officer, coupled as it was with abandonment of the property, which they claimed to own, in his hands, was a circumstance manifestly proper to be considered by the jury, who might regard it as evincing a consciousness of guilt and as illustrative of the nature of defendants' claim to the property.

The objections taken upon the failure of the court to give to the jury certain instructions in the precise form requested by defendants have little force. Thus an instruction was asked to the effect that a conviction could not lawfully be had on mere probabilities, but that guilt must be proven "beyond all reasonable doubt"; the court inserted the word "a" in the place of "all,"

and gave the charge with this substitution. The change was merely verbal, and could not have been prejudicial to defendants. So the following instruction was asked: "I instruct you that the possession of stolen property, however soon after the theft, is not sufficient to warrant a conviction for burglary." The charge was given with the insertion of the word "mere" before the word "possession." Considered abstractly, the charge, both as given and as requested, was but a truism; and, so far as it could have application to the facts of the case, its point was expressed much more helpfully to the jury in a subsequent instruction that defendants must be acquitted unless it was proved that they entered the house described in the information for the purpose of committing larceny therein, "and the fact that they had possession of said property soon after the alleged burglary, standing alone, will not justify you in finding" that they entered the building for that purpose. The judgment and order appealed from should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., Temple, J., McFarland, J.