[Crim. No. 1141. First Appellate District, Division Two.—January 2, 1924.]

## THE PEOPLE, Respondent, v. HERBERT ABBOTT, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES— EVIDENCE OF FLIGHT.—In a prosecution for obtaining money under false pretenses, proof of the nonappearance of the defendant at the time his case was formerly set for trial, of the issuance of a bench-warrant upon which he was subsequently arrested in another county, and of the forfeiture of his bail, is admissible as evidence of flight.

[2] ID.—SALE OF WATER AS WHISKY—FALSE PRETENSES.—In such a prosecution, conceding that there are no longer any property rights in whisky, a verdict of guilty may be predicated upon proof that defendant represented to the prosecuting witness that a number of barrels contained whisky, whereas, as a matter of fact, said barrels contained colored water.

[3] ID.—BASIS OF CHARGE—MISREPRESENTATIONS—RELIANCE UPON— INTENT.—In such a prosecution, the basis of the charge upon which the defendant is tried is that he made a misrepresentation of a material fact with knowledge of the true facts and with the intention to defraud, that the injured party, relying upon the false representation, was induced to part with his money, and that defendant obtained the money as the result of the fraud.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

3. Reliance on false pretenses as an element of the offense, note, 6 L. R. A. (N. S.) 365.

Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was convicted upon an information charging him with the crime of obtaining money by false pretenses made with an intent to defraud. He appeals from the judgment of conviction and the order of the trial court refusing his motion for a new trial.

[1] The appellant assigns as error the admission of evidence showing that the bail bond of defendant had been declared forfeited by the court prior to the trial and that a bench warrant had issued for his apprehension. It is admitted by the appellant that this evidence was offered for the purpose of showing that he had attempted to evade the consequences of a trial by flight, but he contends that the record evidence of the proceedings had by the court prior to the trial of the cause was not admissible for this purpose. Some authorities from other jurisdictions are cit~d to the point that this evidence was not admissible as it covered an *ex parte* proceeding had in the absence of the defendant. But in the case before us evidence had previously been offered to show that the defendant had failed to appear at various times when his case was called before the trial court and that six months after the date upon which his case was set for trial he was arrested in another county after considerable search. It was then shown that he was arrested upon a bench warrant which was issued by the trial court a few weeks previous to the time when his bail was declared forfeited. The introduction of the evidence relating to the issuance of the bench warrant upon which the appellant was subsequently arrested in another county was clearly admissible as evidence of flight. The evidence relating to the forfeiture of his bail was merely a part of the general story and was not prejudicial to the trial of his case.

[2] The second point urged is that the evidence was insufficient to justify the verdict because the false pretenses upon which the money was fraudulently obtained from the prosecuting witness consisted in representations that a number of barrels contained whisky, whereas, as a matter

of fact, said barrels contained colored water. It is then argued that, inasmuch as "there are no longer any property rights in whisky," the prosecuting witness must be presumed to have known the law to be such and could not, therefore, be deemed to have relied upon the false representations of the appellant.

Accepting for the time being appellant's general statement of the law as to property rights in whisky, we cannot accept his conclusion as to the legal effect of the representations made in this case because those representations were of a matter of fact and not of law. [3] The basis of the charge upon which appellant was tried was that he had made a misrepresentation of a material matter of fact with knowledge of the true facts and with the intention to defraud; that the injured party, relying upon the false representations, was induced to part with his money and that the appellant obtained this money as a result of the fraud. These were the necessary elements to be proved by the prosecution, and a review of the record satisfies us beyond any doubt that the evidence was sufficient to sustain the charge in the information.

Criticism is also made of the instructions relating to the evidence tending to show the flight of the defendant, but the argument here is practically the same as that advanced upon the first point considered.

We find no error in the record and from our examination of it we are satisfied that the appellant was legally convicted on substantial evidence.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.