[Crim. No. 3183. In Bank.—April 29, 1929.]

THE PEOPLE, Respondent, v. JACK H. PRICE, Appellant.

Frederick H. Vercoe, Public Defender, and Franklin Padan, Chief Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

LANGDON, J.—The defendant was found guilty of murder in the first degree, without recommendation, and the death penalty was imposed. He has appealed from the judgment, asserting that the trial court erred in refusing to modify the verdict and judgment and fix the degree of the crime at second degree murder, as moved by appellant

and authorized by subdivision 6 of section 1181 of the Penal Code (as amended by Stats. 1927, p. 1037), and in refusing to give certain instructions requested by appellant with reference to intoxication.

Both of appellant's contentions are based upon his position that he was intoxicated at the time the crime was committed and that he was incapable, therefore, of premeditation. We have examined the record in the case and find that it supports the verdict of murder in the first degree. It is true that the record shows defendant had been drinking intoxicating liquor just prior to the commission of the crime and that he was under its influence, to some extent at least, when he fired the shots at his victim; but this fact furnishes no legal excuse. (Sec. 22, Pen. Code.) The evidence shows that, for several years, the defendant had been living with Maurillia Adame. She had previously been married and was the mother of two children by this marriage. She was generally reputed to have been the wife of defendant, although they were not legally married. Defendant, according to some of the testimony, was engaged in the illegal sale of intoxicating liquor and, according to his own account, he had been confined in jail for a time shortly before the crime we are considering was committed, for drunkenness. After his release, Maurillia Adame left him and went to live in another apartment. Defendant watched her movements and associations, telephoned to her and attempted to persuade her to return to him. Upon her refusal, he secured a revolver from one of his associates by representing that he could sell it at a good price. He then wrote a letter to the men with whom he was living in which he stated: "When you come home, you may find me in the can (meaning jail). . . . I hope you will bring me something to smoke. . . . Come down and see me. I may want you to bring some clothes back. . . . I have a watch. You come down. I will tell you where it is." He then wrote to Maurillia Adame. "I ask you to come to me, but would not listen to me. It is too late now, I love you more than any one, so goodby." The deceased was working in a laundry and defendant came up to her on the street as she was leaving for her luncheon. He had obtained some whisky that morning and had consumed some of it. At the time

this was done, however, his plans seem to have been very definitely made.

■ The provision of section 22 of the Penal Code, to the effect that when purpose, motive or intent is a necessary element to constitute the degree of crime, the jury may take into consideration the fact of intoxication in determining the purpose, motive and intent with which the act was committed, is inapplicable here, because, as stated by the trial judge, there was no evidence of intoxication and no claim made by the defendant that he was intoxicated at the time he planned or executed the crime. It is true, as considered by the trial court, that the defendant said he had drunk some whisky in the morning and that the detective said he showed evidence of drinking at the time he was brought to the police station, but the claim of defendant at the trial was that he had secured a revolver for the purpose of committing suicide and that he had started out at noon to send a note to the deceased and had accidentally met her on the street; that he attempted to hand her the note and she repulsed him in a manner which so angered and distracted him that, in a sudden rage, he shot her. This theory of the defense was before the jury and they rejected it. There was insufficient evidence in the record regarding intoxication to warrant the giving of the instruction on this subject requested by the defendant.

The record shows a jealous man who determined to kill his common-law wife when she refused to return to him, because he wished to prevent anyone else from having any relations with her. There is nothing in the record which would justify a jury in believing that this purpose was conceived during a period of intoxication. Appellant would have us take the view that no purpose of killing deceased existed in the mind of defendant until the moment he encountered her on the street, at which time he was under the influence of intoxicating liquor. Apart from the fact that the record is unsatisfactory as to the fact of intoxication at the time of the killing, it also appears that the defendant secured, cleaned and prepared a revolver, with which the crime was committed, at a time when there is no evidence of intoxication. He also wrote the letter from which quotation is made herein, which also shows premeditation, and, armed with a loaded revolver, he went to the place

where he knew he would find the deceased at the hour for her luncheon. Under the circumstances, we think the conclusion of the trial judge was correct: that the record did not warrant a finding of intoxication at the time of the crime or at the time of its conception.

The trial court properly refused to instruct the jury to the effect that it should consider whether the defendant was intoxicated to such an extent at the time the crime was committed as to be incapable of forming any specific intent, and that if defendant was found to have been intoxicated at the time the crime was committed, that fact should be taken into consideration in fixing the degree of the crime.

What we have said with reference to the evidence disposes of the contention that the trial judge should have reduced the degree of the crime.

The judgment is affirmed.

Curtis, J., Preston, J., Waste, C. J., Shenk, J., Seawell, J., and Richards, J., concurred.