[Crim. No. 3934. Second Dist., Div. Two. Feb. 19, 1946.]

THE PEOPLE, Respondent, v. ALONZO WILLIAMS,
Appellant.

Alonzo Williams in pro. per. for Appellant.

Robert W. Kenny, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted of petty theft with prior convictions of felonies. He appeals from the judgment and from the order denying his motion for a new trial. Pursuant to stipulation of counsel the case was tried to the court without a jury. The only attack made upon the judgment is the insufficiency of the evidence to support it.

The facts given in evidence by the People's witnesses and adopted by the court are substantially these: On January 7, 1945, at the request of David Harris appellant was at the Harris home in Los Angeles for the purpose of assisting in the moving of some furniture. While there appellant was seated in the Harris living room for about 30 minutes on a divan at the end of which was a small table. While he was so seated Mrs. Harris was occupied in the kitchen and for 15 minutes or more Mr. Harris was intermittently in and out of the living room. Mrs. Harris had left her purse on the table where it lay during the forenoon. She last saw it about 11 o'clock. Her husband also observed it there both before he left the house about 12:30 p. m. and after his return with appellant. The two men departed from the house for the furniture in a truck driven by Williams. As they approached

the intersection of Main and Almira Streets appellant observed his brother-in-law, Lucian Haddocks, and stated that he desired to talk to him about a drink. Haddocks was there engaged in conversation with one Stokes. Appellant jumped from the truck and walked back to meet Haddocks. Leaving Stokes where he stood, Haddocks approached appellant and when they met the latter took from his pocket a coin purse impliedly found to have been the property of Mrs. Harris, gave it to Haddocks and asked him to keep it until appellant returned. He resumed his journey with Harris while Haddocks, without showing the purse to Stokes, took it to his home. About four o'clock in the afternoon he first examined the pocketbook and inspected its contents but removed nothing therefrom. He saw that it contained $21 in currency, three pennies and three tokens; also a white gold watch and a lady's silver ring. About an hour later appellant called at the Haddocks' home, asked for the purse and received it, stating that he had found it. At the same time he repaid Haddocks $1.75 borrowed a few days prior thereto. Mrs. Harris established the value of the jewelry and testified that she had never given appellant permission to remove it from her home. Five days after the disappearance of the purse and its contents Haddocks and appellant engaged in a fight in which Haddocks was cut, necessitating his hospitalization. During his convalesence he was visited by Harris when the missing property was discussed. While Haddocks denied that Harris had tried to induce him to testify against appellant the latter urges the incident of Harris' visit and conversation with Haddocks as a basis for the reversal of the judgment.

 While discrepancies in the testimony of the witnesses are a proper subject for argument to the trial court they do not concern the appellate court. The altercation of Haddocks with appellant and the shedding of the former's blood may verily have caused Haddocks to warp the truth or to ignore his obligation to be veracious. On the other hand it may have prompted the witness to tell the truth with reference to his receipt of the purse. But whether he was accurate in his utterances or was motivated by malice to distort the facts were matters committed to the determination of the trial court. Its ultimate finding is final if the trial was legally conducted. When the verdict is attacked on the ground of the insufficiency of the evidence the reviewing court's func-

tion is to decide (1) whether the testimony is inherently credible and (2) whether a person of reasonable judgment is warranted in believing it. Mrs. Harris gave in detail the description of her lost property. It tallied with the description of that found by Haddocks in the purse and the trial court believed the testimony of both of them. The fact that Haddocks and appellant fought is no reason for holding that the former's testimony was false. The fight might have been the fact which satisfied the trial court that Haddocks did not offer to tell the truth until inimical relations had developed.

Larceny is one of the varieties of theft. (Pen. Code, § 484; *People* v. *Cook*, 10 Cal.App.2d 54, 57 [51 P.2d 169].) The essential elements of larceny are all present in the crime of appellant: (1) The articles stolen were the property of Mrs. Harris; (2) he took them from her possession without her consent; (3) he asported them; (4) he had the intent without claim of right wholly to deprive the owner thereof. (*People* v. *Edwards*, 72 Cal.App. 102 [236 P. 944].) To prove larceny it is necessary only to establish (a) the corpus delicti and (b) the identity of the accused as the thief.

 In addition to the testimony showing that the property was removed by human agency with intent permanently to deprive Mrs. Harris thereof, appellant stated to Harris on the day set for the trial that the lost property would be returned if Harris did not appear against him. Also, Harris testified that directly after the preliminary trial defendant admitted to him that he had taken the purse away. Appellant did not deny that he was at the Harris home on January 7 or that he sat on the divan during his visit or that Mrs. Harris was in the kitchen and that Mr. Harris intermittently left the living room during the 30 minutes. These facts and the proof that no other person visited the Harris home on the afternoon of January 7 and that the purse and its contents were last seen on the end table about the time of appellant's visit make proof of the corpus delicti complete and establish appellant's opportunity to commit the crime. (*People* v. *Siderius*, 29 Cal.App.2d 361, 365 [84 P.2d 545].) While the mere opportunity to steal is not alone sufficient to justify a conviction for theft yet such opportunity together with co-existing inculpatory circumstances is ample support for a verdict against the accused if satisfactory proof of the corpus

delicti has been received. (*People* v. *Viets,* 79 Cal.App. 576, 589 [250 P. 588].)

■ Evidence of the attempt of appellant. to return the property and to suppress the testimony of the prosecuting witness indicates a consciousness of guilt and was properly received for that purpose. (*People* v. *Moore,* 70 Cal.App.2d 158, 163 [160 P.2d 857]; *People* v. *Dempsey,* 63 Cal.App. 751, 755 [219 P. 1041].)

■ That the trial court might have determined that appellant did not remove the purse from Harris' home is not a sound reason for a reversal. Haddocks' testimony with reference to his receipt of the purse and its return to appellant, when believed, was sufficient to convince a trier of facts of the felonious intent which impelled the act of taking the property from Mrs. Harris. (*People* v. *Payne,* 117 Cal.App. 108, 111 [3 P.2d 328].) It was not inherently incredible. Intent is generally established by the surrounding circumstances. Assuming the truth of the facts and all inferences fairly deducible therefrom which the court adopted as the basis of its decision, the evidence is amply sufficient to support the finding and judgment. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]; *People* v. *Savage,* 66 Cal.App.2d 237, 242 [152 P.2d 240].)

With respect to the former convictions of felonies there is no controversy. Although they were admitted by appellant at the trial, documentary proof was also supplied of his convictions of three separate felonies for each of which he served a term in a state prison.

We can find no relief for appellant unless we first usurp the powers of the trial judge and thereafter derive a different conclusion. We are impotent legally to do the first and we cannot say that we would do the latter.

The judgment and the order denying appellant's motion for a new trial are affirmed.

McComb, J., and Wilson, J., concurred.