[Crim. No. 3927. Second Dist., Div. Three. Mar. 27, 1946.]

THE PEOPLE, Respondent, v. HERMAN GREENBERG, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

SHINN, J.—By information, appellant Herman Greenberg was accused of the crime of grand theft and of having suffered a prior conviction of a felony; he admitted the prior conviction, was tried by a jury and found guilty of grand theft. He was sentenced to state prison, made a motion for new trial, which was denied, and he appeals from the order and from the judgment.

■ Appellant did not take the stand at the trial. The prosecutor commented upon that fact in his arguments to the jury and the court gave an instruction upon it. As one of the grounds of the appeal it is argued that section 1323 of the Penal Code and article I, section 13, of the state Constitution, as amended in 1934, which permit the court and counsel to comment upon the failure of a defendant to explain or deny by his testimony any evidence or facts in the case against him, and allow the same to be considered by the court or jury, are in violation of the Fourteenth Amendment to the Constitution of the United States, in that such procedure deprives the defendant of due process of law. Since the briefs were filed, it has been decided that the Penal Code section and the 1934 amendment to the Constitution do not violate the due process clause of the Fourteenth Amendment. The identical question and the same arguments were presented to the Supreme Court in *People* v. *Adamson,* 27 Cal.2d 478 [165 P.2d 3], and were decided adversely to the contentions of appellant.

■ The court gave the following instruction: ''The failure of a defendant to personally take the witness stand and testify is not evidence in the case but the failure of a defendant to explain or to deny by his own testimony any evidence or facts in the case against him, may be commented upon by counsel, and may be taken into consideration by you as jurors.'' The court refused to give defendant's offered instruction as follows: ''You are instructed that the failure of a defendant to take the witness stand does not constitute evidence in the case. You are further instructed that the defendant can only be convicted upon legal, competent evidence presented in court, and not on the absence of any evidence.'' The requested instruction was properly refused. It is the failure of the defendant to explain or deny evidence or facts against him, when it appears that he could do so, if innocent, not his mere failure to take the witness stand, which may be commented upon and taken into consideration. The substance of the requested instruction was covered by those which were given.

■ It is not enough to instruct the jury that the failure of a defendant to explain or deny evidence or facts which are against him may be taken into consideration by the jury. An instruction should embody the substance of the rule, as

stated in *People* v. *Adamson, supra,* page 490, "that the defendant's failure to deny or explain evidence presented against him does not create a presumption or warrant an inference of guilt, but should be considered only in relation to evidence that he fails to explain or deny; and that if it appears from the evidence that defendant could reasonably be expected to explain or deny evidence presented against him, the jury may consider his failure to do so as tending to indicate the truth of such evidence and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable."

■ The failure to give a more comprehensive instruction was not an error which would justify a reversal of the judgment. Two witnesses for the prosecution identified the defendant as one of two men who committed the theft; two witnesses testified for defendant that he was at a place far removed from the scene of the theft at the time of its commission. The subject of the theft was a fur coat of a value in excess of $1,900 and it was taken from a display window on Wilshire Boulevard in Los Angeles. A maid who was working at the front of the store testified that she first saw defendant and a male companion outside the store at about 10 o'clock a. m. Defendant was described as a small man, his companion as a large one. The two were seen to pass the door and stand on the sidewalk 20 or 30 feet from it for about an hour; defendant carried a shopping bag and a brief case. Defendant came into the store through the right-hand door and the other man through the left-hand door. Defendant stood in the store for about ten minutes and the other man for a longer time. Defendant left and took a stand outside, closer to the door than formerly, and the maid a little later from the mezzazine floor saw defendant enter the store again for a few minutes, return to the sidewalk, where he conversed with the other man, and again enter the store at about 11:50 and take the coat from the center window and immediately walk out of the store and disappear around the end of the building. The maid reported the occurrence to the store manager. Another witness, a grocery clerk, was resting in a truck on a vacant lot close to the store from which the coat had been taken. He testified that he saw a large man running past the truck with a brown fur coat under his arm; that he saw him throw the coat into a car which was standing on a side street and facing Wilshire Boulevard and saw him then walk over

by an alley where he met defendant on the sidewalk. He testified that defendant was carrying a brief case, that the two men stood about 50 feet from him, that the large man walked away and defendant entered the car, turned it around and drove away. This witness took down the car number and later gave it to the police. It was by means of this car number that defendant was located, and after his arrest he admitted owning a car bearing that number. One of defendant's witnesses testified that defendant was in his garage on the day of the theft at approximately 12 o'clock, and another witness testified that defendant was in his automobile repair shop from about 12 until 12:45 or 1 o'clock, discussing repairs on the car, which was brought back later on in the afternoon.

The evidence of the prosecution was direct. The sole question was one of credibility of the witnesses and the accuracy of their recollection. It would have been proper to instruct that the failure of defendant to deny that he stole the coat was a circumstance which tended to strengthen the testimony of the witnesses, who identified him as the thief. From a consideration of the entire evidence, we believe the jury would have taken this view of the matter and we cannot believe that they would have given any other effect to the failure of defendant to testify in his own behalf. The instruction which was given was not misleading and a fuller instruction was not required for the protection of the substantial rights of the defendant.

■ Defendant requested the following instruction: "To the information in this case, the defendant has interposed the plea of not guilty, which puts in issue every allegation of the information, and entitles the defendant to the defense known in law as an alibi, that is, that the defendant was not at the place where the crime charged is alleged to have been committed, when it is alleged to have been committed, but at another place, and I instruct you that such a defense is as proper and legitimate, if proved, as any other. [The defendant is not bound to prove his defense of an alibi, but if his] If the evidence creates a reasonable doubt in your mind as to his presence at the time and place where the crime is alleged to have been committed, it is your duty to acquit him." It was given after being modified by striking out the words in brackets and inserting the words "If the" in the second

sentence. Another instruction requested by defendant called attention to the fact that the witnesses for the prosecution had fixed the time of the theft as between noon and 1 p. m., and was otherwise substantially the same as the one given. There was no error in modifying the first instruction or in refusing the second one. The jury had to choose between the testimony of the two witnesses for the prosecution and those for the defense. If the defendant was at the garage and repair shop at the time of the theft, he could not have committed it. The jury believed the witnesses for the prosecution. The instruction on alibi that was given was sufficient.

■ During the direct examination of one of the witnesses who had identified defendant as the thief, defendant, at the request of the prosecutor, was directed by the court to stand for the purpose of identification. Defendant's counsel declined to permit him to stand and assigned the request and the direction of the court as misconduct. When so much depended upon the ability of the witness to identify the defendant as the man she had seen take the coat, she should not have been aided in any way in making such identification. But she had identified him in jail a few days after the theft, and it does not appear that defendant was pointed out to her in the court room or that there was any question as to her ability to identify him. No error or irregularity occurred at the trial which would justify a reversal of the judgment.

The order denying the motion for new trial and the judgment are affirmed.

Desmond, P. J., and Wood, J., concurred.

A petition for a rehearing was denied April 10, 1946, and respondent's and appellant's petitions for a hearing by the Supreme Court were denied April 25, 1946. Carter, J., and Schauer, J., voted for a hearing.