[Crim. No. 2086.   Third Dist.   Oct. 2, 1948.]

THE PEOPLE, Respondent, v. CHARLES L. ROBINSON, Appellant.

Charles L. Robinson, in pro. per., and S. P. Galvin for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

THOMPSON, J. — The defendant was charged by an amended information filed in San Joaquin County, with lascivious conduct, under section 288 of the Penal Code, toward a 12-year-old girl, and with two prior convictions of felonies and imprisonment therefor in the state prison of Oklahoma. On arraignment he pleaded not guilty to the chief offense, but admitted the prior felonies as charged. He was released on bail until the time of trial, but absconded. He was, however, apprehended, returned and tried with a jury. He was represented by his attorney at the trial. He failed to take the witness stand in his own behalf. He was convicted of the offense as charged. He was sentenced to state prison for the term prescribed by law. From the judgment and from the order denying a new trial this appeal was perfected.

On appeal the defendant appeared in proper person. At his request, an attorney volunteered his services and was appointed to represent him at the hearing. The hearing was continued so the attorney might familiarize himself with the issues. The appellant was ably represented in this court by that attorney.

It is unnecessary to recite the evidence upon which the defendant was convicted. It is sufficient to say the evidence adequately supports the verdict and judgment. The young girl told a perfectly plausible story of the affair. She appears to have been an intelligent person. Some of the circumstances were corroborated by her mother, and by other witnesses. The defendant did not take the witness stand to contradict any of the evidence. The evidence of the prosecutrix does not appear to be inherently improbable. Unless the evidence is so unreasonable that reasonable minds would not differ in that regard, it is not deemed to be inherently improbable. (*People* v. *Meyers*, 62 Cal.App.2d 24, 28 [144 P.2d 60]; *People* v. *Jefferson*, 31 Cal.App.2d 562, 566 [88 P.2d 238]; *People* v. *Battilana*, 52 Cal.App.2d 685, 691 [126 P.2d 923]; 8 Cal.Jur. § 582, p. 590.)

The evidence that there was a stain or spot on the child's clothes as the result of defendant's acts tending to arouse her passions, was properly received in evidence. There was no objection to that evidence at the trial. Her mother corroborated the presence of that spot. The child told her mother of the act of the defendant immediately upon her return to the home. The mother saw it and testified to that fact.

To reverse the judgment in this case for lack of evidence would require this court to discredit the witnesses and to reject the uncontradicted evidence in the record. This the appellate court may not do unless the testimony is inherently improbable. We have held that it is not. We are of the opinion the verdict and judgment are adequately supported by the evidence.

■ The court did not err in receiving evidence, over the objections of the defendant, of his flight to New Mexico, and of his "jumping his bond" and failing to appear at the time fixed for the trial. After arraignment and the fixing of time for trial, defendant was released on bond and failed to appear at the time fixed for trial. He absconded. He was later apprehended by the officers in New Mexico and returned for trial. The evidence shows his knowledge of the time set for his appearance. That evidence was competent as some indication of flight and of guilty knowledge on the part of the defendant. (*People* v. *Abbott,* 65 Cal.App. 120 [223 P. 77] ; *People* v. *Ashmead,* 118 Cal. 508 [50 P. 681] ; *People* v. *Cook,* 10 Cal.App.2d 54, 58 [51 P.2d 169] ; Pen. Code, § 1127c ; 22 C.J.S. § 625b, p. 960; Underhill's Crim. Evidence, § 253, p. 473; 8 Cal.Jur. § 388, p. 346.) ■ The language of section 1127c of the Penal Code was given to the jury as an instruction on the subject of "defaulting of the bond" or flight. It was a correct statement of the law. In 22 Corpus Juris Secundum, page 960, section 625b, it is said:

"It may be shown that accused, after being released by the arresting officer, did not return at the time promised, or that he forfeited his recognizance or bail by failing to appear at the time specified. So, it may be shown that accused left the state immediately after his discharge from custody. . . ."

In support of the first statement of the foregoing text, *People* v. *Ashmead, supra,* is cited.

■ The court did not err in refusing to give to the jury twelve instructions offered by the defendant. All of the instructions, except three on the subject of intoxication, were fully covered by others which were given to the jury. The appellant fails to point out the asserted error or prejudice in refusing any one of said instructions. He merely states generally that "the instructions [refused] were in good and proper order, well worded in an honest and fair manner." The court specifically and clearly cautioned the jury to "examine the testimony of the prosecuting witness with caution," and informed it that the charge "is easily made, and, once

made, difficult to disprove even if the defendant is innocent.'' The jury was charged that the defendant was presumed to be innocent, and that his guilt must be established beyond a reasonable doubt. It was instructed that it was the duty of the jury to distrust the entire testimony of a witness who has sworn falsely. The jury was also told that the defendant was not required to take the witness stand, and that his failure to do so ''does not, however, create a presumption of guilt or by itself warrant an inference of guilt, nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.'' ▇ The three proffered instructions on the effect of defendant's intoxication upon the necessary element of intent, were properly refused. There was absolutely no evidence of defendant's intoxication at the time of the offense. (*People* v. *Price*, 207 Cal. 131 [277 P. 316].)

▇ The appellant infers, but does not specifically state or give any reasons therefor, that the district attorney was guilty of prejudicial misconduct in commenting to the jury in his argument that the defendant had failed to deny the affirmative testimony of the prosecutrix that he committed licentious acts upon her person, contrary to the provisions of section 288 of the Penal Code. Appellant does not state, but we may assume he infers that such comment of the district attorney was in violation of section 1323 of the Penal Code, and of the Fourteenth Amendment to the United States Constitution, which guarantees an accused person due process.

The district attorney's argument to the jury is not before this court. We are unable to determine from the record what, if anything, was said regarding defendant's failure to deny specific charges of lascivious acts. Moreover, the very charge of appellant that the argument of the prosecuting officer constitutes a lack of due process, has been definitely determined against him. (*People* v. *Adamson*, 27 Cal.2d 478, 487 [165 P.2d 3]; *People* v. *Peterson*, 29 Cal.2d 69, 78 [173 P.2d 11]; *People* v. *Greenberg*, 73 Cal.App.2d 675 [167 P.2d 214]; *People* v. *Torres*, 84 Cal.App.2d 787, 796 [192 P.2d 45].) In the Adamson case the judgment of conviction of the defendant was affirmed by the Supreme Court of the United States (332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223]), holding that the California law authorizes such comment, and that the Fourteenth Amendment of the federal Constitution does not apply to state trials in criminal cases pursuant to local statutory law.

Article I, section 13, of the California Constitution, as amended in 1934, provides in part that, ". . . in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury." Section 1323 of the Penal Code, as amended in 1935, provides in accordance with the foregoing amendment of the Constitution, in part:

". . . The failure of the defendant to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by counsel."

Assuming that the district attorney commented to the jury upon the failure of defendant to deny the affirmative testimony of the prosecutrix that he committed specified lascivious acts upon her, the district attorney was authorized by the California Constitution and said section 1323 to do so. There is no merit in the appellant's assignment of error in that respect. The court clearly instructed the jury in that regard.

We have read the entire record and find no reversible error therein. The jury was fully and fairly instructed on all essential issues. The defendant appears to have had a fair and impartial trial.

The judgment and the order are affirmed.

Adams, P. J., and Peek, J., concurred.