[Crim. No. 2260. Third Dist. June 8, 1951.]

THE PEOPLE, Respondent, v. CHARLES CLARK, Appellant.

Robert K. Winters for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Clark was charged by information with a violation of section 288 of the Penal Code committed upon a girl aged 7 years "on or about" July 15, 1950. He was convicted by a jury. His appeal is from the judgment that followed, and an order denying a new trial.

Grounds relied upon by appellant are that the court erred in permitting the district attorney to make what appellant refers to as three opening statements; that the district attorney was guilty of prejudicial misconduct in his statements

to the jury; that the court admitted irrelevant evidence, which was of an inflammatory nature; that the evidence was insufficient to sustain the conviction; and that the court erred in ruling on objections to the cross-examination of defendant's character witness.

The evidence establishes that defendant, who was a dining car waiter, rented a room in the home of the parents of the child, whom he had known for several years. He occupied one of two bedrooms, while the girl Kathryn and her parents occupied the other when they were all at home. The mother was employed in Placerville and came home on weekends. The father was also employed, as a redcap, and left home at 5 a. m. each day, returning at 1 or 2 o'clock in the afternoon. For a time the child, Kathryn, was with her aunt in San Mateo, but from July 9th to 15th was left in the home of her parents, as defendant had a layover that week and asked that he be permitted to keep the child at her home. On July 15th, as the father was not returning home, he telephoned to one of his wife's sisters, Mrs. Jordan, who lived near, to take care of the child that night. This she agreed to do, and, upon giving the child a bath that evening, found a "terrible looking yellow substance" on her panties. She immediately made an appointment with a doctor to whom she took Kathryn the following morning. He found that the child had a yellowish-brown discharge, concluded that she was infected with gonorrhea, and treated her with penicillin which brought about a cessation of the discharge. He testified that his estimate of the time of exposure of the child to gonorrhea was three or·four days, and possibly as little as two days. A physical examination of Clark on July 19th established that he, too, had gonorrhea. At the trial Kathryn testified that on the mornings that she was left alone in the house with Clark he got into bed with her, pulled down her pajamas and "bothered" her; that he touched her private parts with his, and with his mouth, which made her feel "funny"; and that he told her not to tell. An examination of several pairs of the child's pajamas and panties revealed stains similar to those found on the panties worn by her on July 15th. Similar stains were found on underwear in defendant's closet.

The first alleged reversible error relied upon by appellant is that the district attorney was permitted to make three opening statements. This is based upon a statement made by the prosecuting attorney to the prospective jurors before

they were called into the jury box, a second statement made to additional jurors summoned when the first panel was exhausted before a complete jury had been secured, and a third statement after the jury was completed. The record shows that the first statement was made to the prospective jurors at the request of the court, so that they might know what the case was about before they were questioned by the court as to their fitness to serve. He stated the charge and added remarks as to what he believed the evidence would show. After an objection by defendant's counsel that the statement of the district attorney was exceeding a mere statement of the charge, the court instructed the jurors that the statement of counsel was not evidence, and the district attorney proceeded. On the *voir dire* examination by the court several of the jurors called stated that they had fixed opinions—some stating that it was because of the nature of the charge—and they were excused.

When the special venire was called the court asked the district attorney to make a statement, which he did, reciting only the substance of the charge. The jurors were examined exhaustively by counsel for both prosecution and defense, and defendant did not entirely exhaust his challenges.

The third statement of the district attorney did not differ materially from that previously made. No objection was interposed to anything there stated. We have read the record carefully and find nothing prejudicial made in the foregoing statements, nor anything material that was not thereafter shown by the evidence. The making of the statements was at the court's direction, and the course of the conduct of a trial is a matter within the discretion of the court. (Pen. Code, §§ 1044, 1078.) We find no abuse of that discretion. And, finally, defendant's counsel expressed himself as satisfied with the jury, and in his statement to them said: "I am satisfied that every single one of you is a fair and impartial juror and will give your best judgment to this case." See *People* v. *Griffin,* 98 Cal.App.2d 1, 49 [219 P.2d 519].

■ Appellant's next asserted error is based upon an assertion by the district attorney in his opening statement that the child's aunt was told by Kathryn that defendant had crawled into bed with her, or that he had asked her, on other occasions, to come into bed with him; and that in his argument, after the evidence was in, the district attorney had made reference to statements made by the child to the aunt which, he said, could not be brought out in the evidence

as they were not made in defendant's presence. We cannot consider that such conduct on the part of the prosecuting officer justifies a reversal. The child testified that defendant got in bed with her more than once—every day that he was at home alone with her, including the day he went to work (the 15th); that he took down her pajama pants, "bothered" her, put his private parts on hers, etc. Whether or not she told this to her aunt could have no direct bearing, as it was not an element of the offense charged. If this was misconduct it does not justify reversal of the judgment, nor a new trial. (See *People* v. *Arnold*, 199 Cal. 471, 486 [250 P. 168]; *People* v. *Berryman*, 6 Cal.2d 331, 336 [57 P.2d 136]; *People* v. *Alexander*, 41 Cal.App.2d 275, 282 [106 P.2d 450, 916].) It may be said, also, that the court instructed the jury that they should distinguish carefully between the facts testified to by the witnesses and any statements made by the attorneys during the trial or in their arguments as to what facts had or had not been proved; that such statements were not evidence in the case. (See *People* v. *Isby*, 30 Cal.2d 879, 896 [186 P.2d 405].)

■ Appellant next argues that there was reversible error in permitting the introduction in evidence of the child's stained clothing and that of defendant; that the sight of same tended to inflame the jury. That the articles were admissible seems to be clear from numerous decisions. (See *People* v. *Robinson*, 87 Cal.App.2d 772, 774 [197 P.2d 776]; *People* v. *Davis*, 106 Cal.App. 179, 190 [289 P. 194]; *People* v. *Isby*, *supra*, at p. 892; *People* v. *Adamson*, 27 Cal.2d 478, 486 [165 P.2d 3].)

■ Appellant's next contention is that the evidence is insufficient to sustain the conviction. In support thereof he argues that no specific date of the commission of the alleged offense was proven, and that he was thus deprived of a chance to prove an alibi. The information charged the commission of the offense "on or about" July 15th. We discussed at length this subject of variance in *People* v. *Moranda*, 87 Cal.App.2d 703, 704 [197 P.2d 394], where we held on ample authority that: "It is well established that such a variance is immaterial unless time is of the essence of the offense; and that where it clearly appears, as it does in this case, that but a single offense is charged to have been committed anterior to the filing of the information, and within the period designated by the applicable statute of limitations, the variance is of no significance. Section 955 of the Penal Code of California

provides that the precise time at which an offense was committed need not be stated in an information, but it may be alleged to have been committed at any time before the filing thereof, except where the time is a material ingredient.'' In the later case of *People* v. *Murray,* 91 Cal.App.2d 253, 257 [204 P.2d 624], the same principle was reiterated, with citations. And in *People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692], the court said : ''Under the generally accepted rule in criminal law a variance is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense, or is likely to place him in second jeopardy for the same offense.'' Also see *People* v. *Amy,* 100 Cal.App.2d 126, 127 [223 P.2d 69].

Finally, appellant argues that the district attorney improperly cross-examined his character witness, who had testified that defendant's reputation for morality was good—though she admitted she had never heard anyone discuss his moral character. On cross-examination she was asked if defendant had not been convicted of drunken driving. Objection was sustained. The prosecutor then asked whether she knew that he had been arrested for disturbing the peace. She answered that she did not, and then said that even if she were told that defendant had been convicted of drunken driving or disturbing the peace it would not change her opinion of his good character. There is nothing indicating that the district attorney acted in bad faith in this line of questioning and we conclude that though the cross-examination should have been limited to misconduct on the part of defendant relating to the traits involved in the charge and inconsistent with the reputation attributed to him by the witness, the error was not sufficiently important to justify a reversal. See *People* v. *Beltran,* 94 Cal.App.2d 197, 210 [210 P.2d 238].

The judgment and the order denying a new trial are affirmed.

Peek, J., and Van Dyke, J., concurred.