[Civ. No. 18084. Second Dist., Div. Three. July 5, 1951.]

WALLACE SIDNEY, Appellant, v. MARTIN IRON WORKS
(a Corporation), Respondent.

Alvan M. Palmer for Appellant.

A. Stewart Maddox, Jr., for Respondent.

VALLÉE, J.—Appeal by plaintiff from an adverse judgment in an action for damages for the alleged breach of a contract of employment.

On July 6, 1943, plaintiff and defendant entered into a written contract whereby defendant employed plaintiff as superintendent of its machine shop, valves and gates department and sheet metal department for one year at a salary of $100 a week. The contract also provided for the payment to plaintiff of a percentage of the net profits from the operations of these departments. The complaint alleged that the salary was paid to March 2, 1944, and that on that date defendant arbitrarily terminated the contract and failed to pay plaintiff for the period from March 2 to July 1, 1944. Affirmatively the answer alleged that the contract was void as violative of the Salary Stabilization Act of 1942.

The court found that for a long time prior to July 6, 1943, defendant had in its employ one McCarty who had been employed as, and held the position of, superintendent of defendant's machine shop, valves and gates department and sheet metal department; that McCarty had performed substantially the same duties as those performed by plaintiff after July 6, 1943, under the contract; that the employment and job classification of McCarty on July 6, 1943, and prior thereto, was the same as that of plaintiff after July 6, 1943; that McCarty's total compensation had been $250 a month. The court also found that the compensation required to be paid to plaintiff under the contract was in excess of $5,000 a year and that the same had not been approved as required by an act of Congress known as the Salary Stabilization Act of 1942. The court concluded and adjudged that the contract was illegal and void and that plaintiff was not entitled to recover.

Plaintiff claims that the recited findings are not supported by the evidence. The contention is without merit.

The Salary Stabilization Act of 1942 authorized the President to stabilize wages and salaries and provided that no employer should pay and no employee should receive wages or salaries in contravention of the regulations promulgated by the President. (50 U.S.C.A. App. §§ 961-71.) Pursuant thereto the President by executive order established the Office of Economic Stabilization and the office of director thereof. (7 Fed.Reg. 7871.) On October 27, 1942, the director issued regulations which delegated jurisdiction of salaries in excess of $5,000 a year to the Commissioner of Internal Revenue. (7 Fed.Reg. 8748.) On December 2, 1942, the Commissioner of Internal Revenue issued what was called T.D. 5186, freezing all salaries in excess of $5,000 a year at the rates in effect on October 3, 1942, and providing that no increase thereof

could be made without first obtaining the approval of the commissioner. (7 Fed.Reg. 10050.) T.D. 5186 contained this provision: ''An employer who has established a new job classification, or who has begun business, after October 3, 1942, must obtain approval of the Commissioner for the payment of salaries for such job classification or in such new business: Provided, however, That if the salary rates in question are not in excess of those prevailing for similar job classifications within the local area, the approval of the Commissioner is not required.''

On September 4, 1943, the commissioner issued T.D. 5295 which superseded the quoted exception and read as follows: ''Provided, however, That if the salary rates in question are not in excess of the minimum of those prevailing for similar job classifications within his own organization or if no such rates are available, then within the local area on September 15, 1942, the approval of the Commissioner is not required.'' (8 Fed.Reg. 12429, 12432.)

 The approval of the contract of July 6, 1943, was not obtained from the Commissioner of Internal Revenue. Under the regulations it was not necessary to obtain the approval of the commissioner if the salary provided in the contract was not in excess of the minimum of those prevailing for similar job classifications within defendant's own organization or if no such rates were available, then those prevailing within the local area on September 15, 1942. Since nothing appears on the face of the contract itself indicating its invalidity, the burden was on the defendant to negative the exceptions. (*Vagim* v. *Brown,* 63 Cal.App.2d 504, 511 [146 P.2d 923]; *Thacker* v. *American Foundry,* 78 Cal.App. 2d 76, 82 [177 P.2d 322]; *Gelb* v. *Benjamin,* 78 Cal.App.2d 881, 884 [178 P.2d 476].) Defendant assumed and, as the court found, sustained the burden. Two witnesses testified that for a number of years immediately prior to July 6, 1943, McCarty was superintendent of production in the machine shop, valves and gates department and the sheet metal department of defendant; that he was in active charge and direction of production activities in those departments; that he was consulted in connection with estimates and bids made by defendant for the manufacture of products in those departments. These were exactly the duties which plaintiff was employed to, and did, perform under the contract of July 6, 1943. One of these witnesses testified that McCarty's salary was $250 a month and that he did not receive any of the profits.

Plaintiff argues the weight of the testimony of these witnesses and says that there are inconsistencies in the testimony of each. ■ It was the function of the trial court, not this court, to resolve inconsistencies and contradictions, if any, in the testimony of these witnesses. ■ The trier of fact may believe and accept a portion of the testimony of a witness and disbelieve the remainder. ■ On appeal that portion which supports the judgment must be accepted, not that portion which would defeat, or tend to defeat, the judgment. (*People* v. *Thomas*, 103 Cal.App.2d 669, 671 [229 P.2d 836].)

■ The court did not err in concluding that the salary agreed to be paid to plaintiff was in excess of that permitted by the Stabilization Act of 1942, and that by reason of the failure to obtain the approval of the Commissioner of Internal Revenue to the increase, the contract was illegal and void. Plaintiff concedes that "if the contract is against public policy or against the mandate of statute, recovery may not be had thereon."

In view of our conclusion, we need not consider other points urged by plaintiff.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.