[Crim. No. 5180.   Second Dist., Div. One.   Sept. 27, 1954.]

THE PEOPLE, Respondent, v. NATHANIEL HAMILTON, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Jay L. Shavelson, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Three men were drinking in a private dwelling house.  One of the men put a knife to the back of one of the other men, went through his pockets, and took his money, his tie clasp, and his wrist watch.  The third man endeavored to help the victim, without much success.

The victim complained to the police.  The other two men were arrested and charged with robbery.  The man who took the victim's personal property was convicted of robbery first degree.  The other man was acquitted.

The convicted man appeals from an order denying his motion for a new trial, and from the judgment of imprisonment that followed.

He argues that the evidence is insufficient to support the finding of the trial court, and that it was wrong to convict him and acquit the other man.

While conflicting, the evidence is ample to sustain the finding of guilt, and the trial court's determination of the facts will not be disturbed on appeal. (*People* v. *Daugherty*, 40 Cal.2d 876 [256 P.2d 911]; *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778].)

It is neither illogical nor inconsistent for a judge or a jury to convict one defendant and to acquit another. On appeal that portion of the evidence which supports the judgment must be accepted, not that portion which would defeat or tend to defeat the judgment. (*People* v. *Thomas*, 103 Cal. App.2d 669 [229 P.2d 836]; *People* v. *Morris*, 115 Cal.App.2d 312 [252 P.2d 36].)

The order denying defendant's motion for a new trial and the judgment are, and each of them is affirmed.

White, P. J., and Doran, J., concurred.