[Crim. No. 1129.   First Appellate District, Division Two.—December 13, 1923.]

## THE PEOPLE, Respondent, v. RUEL BIGELOW, Appellant.

[1] CRIMINAL LAW—ROBBERY—IDENTITY OF DEFENDANT—ALIBI—EVIDENCE—VERDICT—APPEAL.—In this prosecution for robbery, although the victim did not testify, in so many words, that he was robbed by defendant, there was evidence in the record on which the jury was entitled to base a verdict that defendant was the person who committed the offense; and the jury not having believed the evidence offered by defendant in his attempt to prove an alibi, that conclusion was conclusive on the appellate court.

[2] ID.—EVIDENCE OF PRIOR CONVICTION—WAIVER OF OBJECTION.—In such a prosecution, an objection to the admission of evidence showing defendant to be an ex-convict may not be entertained in the appellate court for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The appellant, a negro, was convicted of the crime of robbery; he made a motion for a new trial; his motion was denied and he has appealed. In his opening brief he makes two points: (1) the uncontradicted evidence on the trial of this case is wholly insufficient to justify or sustain the verdict, and (2) the court erred in denying defendant's motion for a new trial.

To present both points the attorney for the appellant has been at much pains to state in narrative form the evidence. While, as we have quoted it, his main point regarding the insufficiency of the evidence is stated in very broad language, the appellant's exact claim is that the evidence was insufficient to prove that he committed the robbery in

question. We make this statement in the beginning to simplify the record and because the record shows, without any contradiction whatsoever, that on the evening of the twenty-seventh day of November, 1922, at and in his garage in San Francisco, Milton A. Rosenbaum was robbed, and at that time there was taken from him by the robber money in the sum of $16.50, one yellow metal wrist watch, one white metal ring set with one white stone, one overcoat and one fountain-pen, all of the aggregate value of $340. However, it will be conceded at the outset that Mr. Rosenbaum did not testify, in so many words, that he was robbed by Ruel Bigelow. [1] The real question involved, then, is this: Was there evidence in the record on which the jury were entitled to base a verdict that Ruel Bigelow was the person who robbed Mr. Rosenbaum? We think that question must be answered in the affirmative. The reflected light was such that Mr. Rosenbaum was able to discern, and afterward he testified, that the robber was a negro about the height and build of the defendant; that he wore a dark suit and a gray cap. Immediately after the robbery Mr. Rosenbaum ran into the street and he saw a Ford automobile going down Jackson Street toward Fillmore Street. On the day following the robbery the defendant was arrested in Oakland while trying to dispose of the watch and ring taken from Rosenbaum. He attempted to explain their possession by saying that he had won them in a crap game nearly a year previous to that time. But after he learned that the robbery had been reported to the Oakland police department, he then stated that the articles had been given to him by a man named Young, and that Young had requested him to dispose of them. In this connection he stated that he did not know Young's address. At the time of his arrest he had in his possession an automobile operator's license taken out in the name of R. Willes, which was the name he gave the arresting officer. Later he said his name was Ruel Bigelow, and that he was a prisoner on parole from San Quentin, and that that was the reason he had not given his true name. Whether we as jurors would have accepted the foregoing facts as sufficient evidence proving, or tending to prove, that the appellant was the individual who robbed Mr. Rosenbaum, is beside the case. It cannot be said that there was not some evidence on that subject, and

the weight of that particular evidence in this particular case was for the jury.

The defendant attempted to prove an alibi. He called witnesses who testified they saw him in San Francisco on that evening. Only one of the witnesses testified to any fact or facts which, taken together, prove that at the time of the robbery, to wit, about 11:30 P. M., the defendant was at another point so far distant that he could not have committed the crime. That witness was a man by the name of Bond. It was for the jury to say whether or not they believed this one witness' testimony. This court has no right to disturb the conclusion of the jury.

As a part of his second point the appellant raises in another form the sufficiency or insufficiency of the evidence. That subject has been treated above and need not be reconsidered.

[2] Under the second point the appellant complains of testimony coming into the record showing him to be an ex-convict. No objection to that evidence was made in the trial court and the objection may not be entertained in this court for the first time.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.