[Crim. No. 1626. Second Appellate District, Division One.—May 9, 1928.]

THE PEOPLE, Respondent, v. JAMES McKELVEY, Appellant.

Thomas P. White, A. P. G. Steffes and Vincent C. Hickson for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Appellant was charged, by an information filed by the district attorney of Los Angeles County, with the crime of violation of section 288 of the Penal Code of the State of California. This section is commonly referred to as the "lewd and lascivious section," and denounces as a felony, lewd and lascivious conduct when displayed, in the manner provided in the section, upon the body of a child under the age of fourteen years.

From a verdict of guilty, and the judgment pronounced by the court thereon, the defendant prosecutes this appeal.

Two grounds are presented upon which a reversal is urged.

First: That the evidence is insufficient to justify the verdict.

Second: That the trial court erred in refusing to permit one Alice Loomis, a six year old child, offered as a witness by the defendant, to testify.

In view of our conclusions upon the points raised by appellant, we do not deem it necessary to give an extended recital of the evidence presented in the trial.

The complaining witness was a young girl seven years of age at the time of the trial. The offense charged is alleged to have occurred about six months prior thereto. The defendant admitted, as testified to by the complaining witness, that she was a stranger to him; that he met her on her way home from school, and that upon his invitation she accompanied him to his home, where he gave her some moving-picture films. The child's story of misconduct of the defendant in a street tunnel, shortly after the defendant first accosted her, and of continued acts of misconduct when she was with him in his home, was denied by the defendant. She further testified that no one else was present at the time they were in the tunnel together, and that she saw no one other than the defendant when she was in his house.

■ Appellant, in urging his first point, that the evidence is insufficient to sustain the verdict, contends at length in his brief that the testimony of the complaining witness by reason of her immature years, is entitled to but little, if any, weight, and further points out that there is some difference between her story as told on the witness-stand and statements previously made by her in connection with the occurrences prior to and at the time the allged offense was committed. It appears from the record that before the complaining witness was allowed to testify, she was carefully examined on *voir dire*, both by the district attorney and by the court. When counsel for the defendant was invited to further examine the witness for the purpose of determining whether or not she was qualified to testify, he declined to do so, nor did he make any objection to the witness testifying on the ground of her incapacity. We are, therefore, justified in assuming that the defendant was satisfied that the complaining witness was not disqualified to testify as a witness by reason of her immature years.

The voluminous record discloses a marked conflict in the testimony as to matters having a material bearing upon the question of guilt or innocence of the defendant. Offenses of the character here charged, as a rule, are not committed under circumstances that furnish direct corroboration to the story of the complaining witness as to the acts of mistreatment. Hence, the character, intelligence, and demeanor of the witnesses who testified before the jury may be of controlling importance in determining where the truth lies, and this becomes especially true in weighing the testimony of an immature witness who may be lacking in that direct and intelligent response to questions which is expected from mature witnesses. While the uncorroborated story of the complaining witness, if believed by the jury, is sufficient to support a verdict of guilty, here, in addition to the child's recital, is the admission of the defendant that he met her on her way home from school, and, although a stranger to him, he took her to his home and there gave her the picture films, the offer of which, according to the child's testimony, was what induced her to accompany him to his home. In addition, there is testimony of the officers as to certain statements made by the defendant when he was arrested and, also, their testimony describing his conduct and demeanor when he was being questioned by the officers concerning the child's story. This testimony was of such a character that, if believed by the jury, it might well have formed the basis from which the jury would have been justified in drawing inferences that would corroborate the child's story.

To the jury, as the sole judges of the credibility of a witness, is assigned the duty of determining the weight to be given to the testimony of a witness, and, when the jury has performed this function and entered its decision, neither the trial court nor this court on review will interfere with that decision unless it appears that the verdict was without substantial foundation. We are frank to say that, so far as the cold transcript would disclose, the continuity of the story as told by the child, the concise answers given to questions propounded to her, her adherence under cross-examination to the same incidents in substantially the same way, all would do credit to a child twice as old as the complaining witness. While there is some conflict, as pointed

out by appellant, in the different recitals given by the child of the incidents leading up to and occurring during the alleged misconduct, it does not appear that these discrepancies differ in character or extent from those which not infrequently appear in the several stories of an incident given by matured men and women. Furthermore, the fact that the trial judge denied the defendant's motion for a new trial, has an important bearing in our consideration of this question. It cannot be denied that evidence was presented in the trial which tended to prove the charge, and the learned judge of the court below, in refusing to grant a new trial, has indicated that he is satisfied with the sufficiency of the evidence. He had the opportunity which is not presented to us, to observe the witnesses and form a better conclusion upon the weight and effect of their testimony than we have by reading the cold recital as it appears in the record. We are justified in assuming that if the complaining witness' testimony was accompanied by the indications of weakness that are urged by appellant, the learned trial judge would have observed such deficiency and granted a new trial. (*People* v. *Kuches*, 120 Cal. 566 [52 Pac. 1002]; *People* v. *Ellis*, 188 Cal. 682 [206 Pac. 753].)

A careful review of the evidence as shown by the record convinces us that the instant case is one that comes well within the rule that, where the evidence is in conflict, this court, on appeal, will not disturb the jury's verdict. (*People* v. *Nowak*, 76 Cal. App. 216 [244 Pac. 634].)

■ The second point urged by appellant arises from a ruling by the court refusing to permit one Alice Loomis, a six year old girl, to testify as a witness on behalf of the defendant. The record discloses that a somewhat extended examination on *voir dire* was had to determine the qualifications of the child. Without detailing this examination, it suffices to say that the child disclosed a marked inability to remember things which most children of that age would recall. In any event, we are satisfied that the matter of determining whether the child was or was not qualified to testify as a witness was well within the discretionary power of the trial judge, and, in our opinion, the court did not abuse its discretion in refusing to permit the child to testify. (*People* v. *Dunlop*, 27 Cal. App. 460 [150 Pac. 389]; *People* v. *Craig*, 111 Cal. 460 [44 Pac. 186]; *People* v. *Gregory*, 8 Cal. App. 738 [97 Pac. 912].)

This disposes of the only points raised by appellant. The judgment is therefore affirmed.

Conrey, P. J., and York, J., concurred.