[Crim. No. 1671. Second Appellate District, Division One.—August 3, 1928.]

THE PEOPLE, Respondent, v. JOHNNIE GREEN, Appellant.

S. S. Hahn and Thomas E. Parke for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of robbery and from an order denying her motion for a new trial.

The first point advanced by appellant is that the verdict is contrary to the evidence. In that connection it is contended that the testimony by which the identification of defendant as the robber was established was so weak and unsatisfactory that "'there is no evidence worthy of the name to identify the defendant Johnnie Green, as one of the perpetrators of the offense.'" Condensing the

testimony relating to the commission of the crime of which defendant was charged, it appears that defendant was positively identified by the complaining witness as one of the robbers. However, on cross-examination, the attention of the witness was directed to the fact that on a former trial of defendant, in giving a description of defendant, the witness had stated that the color of her eyes was blue, whereas, as a matter of fact, they were black. Also that, although the defendant had a somewhat prominent scar on her nose, "the complaining witness did not notice it" on the occasion when the robbery occurred. The evidence further showed that at the time in question "the lady . . . was quite painted up . . . with powder and rouge."

It is well settled that inconsistencies of the nature of those to which attention has been directed do no more than affect the weight or the credibility which is to attach to the testimony in question. The evidence was sufficient in itself, and the determination of the truth lay entirely with the jury. As was said in *People* v. *McKelvey*, 91 Cal. App. 684 [267 Pac. 390] : "To the jury, as the sole judges of the credibility of a witness, is assigned the duty of determining the weight to be given to the testimony of a witness, and, when the jury has performed this function and entered its decision, neither the trial court nor this court on review will interfere with that decision unless it appears that the verdict was without substantial foundation." To the same effect see: *People* v. *Kelly*, 146 Cal. 119, 121 [79 846] ; *People* v. *Tom Woo*, 181 Cal. 315, 326 [184 Pac. 389] ; *People* v. *Logan*, 123 Cal. 414, 415 [56 Pac. 56] ; *People* v. *Rolfe*, 61 Cal. 540, 543; *People* v. *Booth*, 72 Cal. App. 160, 164 [236 Pac. 987] ; *People* v. *Bigelow*, 64 Cal. App. 731, 732 [222 Pac. 622] ; *People* v. *Franklin*, 46 Cal. App. 1, 4 [188 Pac. 607]. It must therefore be concluded that the point suggested by appellant cannot be sustained.

It is also urged by appellant that the evidence was insufficient to justify the verdict that defendant was guilty of robbery in the first degree. With reference thereto, the evidence showed that at the time the robbery occurred appellant and her co-defendant "walked into the station" and her co-defendant demanded that the prosecuting witness open the cash register. "He had his right hand in his right-hand coat pocket," and . . . "he just held it up like he had a

gun in it." The witness also testified that at that time he "saw a nickel-plated gun in the bottom of the purse" in the possession of this appellant.

Section 211a of the Penal Code provides that "all robbery which is perpetrated by . . . being armed with a dangerous or deadly weapon is robbery in the first degree."

The claim of appellant is that the evidence shows only that the complaining witness was frightened; that he thought the companion of appellant had a "gun" in his pocket; also in his fright, what the complaining witness took for a gun in the purse of appellant might have been a "plated vanity" case and would not overcome the presumption of innocence to which defendant is entitled." Such a suggestion might have constituted a basis for argument to the jury, but it is of no avail on appeal from the judgment. The testimony of the complaining witness was positive. It must therefore be assumed that, as expressed in its verdict, the jury believed from the evidence that appellant was "armed" at the time the offense was perpetrated—which is all that the statute requires.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.