[Crim. No. 6102.   Second Dist., Div. Three.   Apr. 3, 1958.]

THE PEOPLE, Respondent, v.   FRANK BAHARA,
Appellant.

Frank Bahara, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of statutory rape. The complaining witness was an unmarried girl 16 years of age. Defendant appeals from the decision finding him guilty and from the judgment.

On a Thursday in March 1957 six or seven young folks, including the complaining witness and defendant, had a party in a home in Sun Valley, Los Angeles County. All of the participants except the complaining witness and defendant left the party to go to a liquor store. The complaining witness testified that while the others were gone defendant committed the act charged.

Defendant's only contention is that the testimony of the complaining witness was internally conflicting; that it was so inherently improbable as to be unworthy of belief; and that it was contradicted by his testimony. He asserts that at one time the complaining witness testified she and defendant were alone 45 minutes and at another time they were alone an hour. He says at one time she testified there were seven persons at the party and at another time there were ten persons present. And he says he contradicted her testimony by positively testifying they were alone only 10 minutes, and there were only six persons present.

It was the function of the trial court, not this court, to resolve inconsistencies and contradictions, if any, in the testimony of the complaining witness. The trier of fact may believe and accept a part of the testimony of a witness and disbelieve the remainder. On appeal that part which supports the judgment must be accepted, not that part

which would defeat, or tend to defeat, the judgment. (*People v. Thomas*, 103 Cal.App.2d 669, 672 [229 P.2d 836].)

■ Testimony is not inherently improbable unless it appears that what was related or described could not have occurred. (*Trancoso v. Trancoso*, 96 Cal.App.2d 797, 798 [216 P.2d 172].) ■■ ''[T]he rule is well settled that to warrant the rejection of the statements given by a witness who has been believed by a jury, or trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions (*People v. Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]), and it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends (*Hicks v. Ocean Shore Railroad, Inc.*, 18 Cal.2d 773, 781 [117 P.2d 850]).'' (*People v. Simpson*, 43 Cal.2d 553, 562 [275 P.2d 31].) ■ Even testimony which is subject to justifiable suspicion does not warrant the reversal of a judgment. (*People v. Cahan*, 141 Cal.App.2d 891, 897 [297 P.2d 715].)

■ We find no physical impossibility in the facts testified to by the complaining witness and there is no apparent falsity in her story. Defendant argues her testimony should be rejected because she waited two months before informing anyone the act had been committed. That fact does not brand her statements as false. She testified she revealed the fact when she discovered she was pregnant. The effect on her testimony of her failure to inform anyone for a period of two months was a matter for the trial court, not this court. The finding of guilt is amply supported by the record.

The appeal from the nonappealable decision finding defendant guilty is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.