[Crim. No. 6194. Second Dist., Div. Three. Oct. 17, 1958.]

THE PEOPLE, Respondent, v. WILLIAM HENRY DUNN, Appellant.

William Henry Dunn, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—In a court trial, William Henry Dunn was convicted of a violation of Penal Code, section 667 (petit theft with a prior felony conviction), and was sentenced to state prison for the term prescribed by law. Dunn appeals from the judgment.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Jerry Miller of California is a dress manufacturing firm located on the fifth floor of a building at 722 South Los Angeles Street in the city of Los Angeles. The premises consist of an office, a show room and a factory; the rooms are separated by partitions. On June 25, 1957, Rita Appleby was employed by the firm as a bookkeeper. At about 1 p.m., appellant stepped off the elevator and entered the office, carrying a handful of loose papers. Mrs. Appleby testified that appellant told her he was a minister and asked her for a donation to send boys to camp, which she declined to give, stating that she had no authority to make donations. Mrs. Appleby told him to come back some other time. After talking to the witness for about 10 minutes, appellant left the office and walked across the hall, whereupon Mrs. Appleby went out to lunch.

Shortly thereafter, the proprietor, Jerry Miller, saw appellant enter the elevator; Dunn was carrying a bundle wrapped in newspaper under his left arm. The bundle was about a foot long and looked untidy, as if it had been wrapped in a hurry. An hour or so later, Miller went to the show room to get two new sample dresses for one of his salesmen. The dresses were originals; they sold for $12.75 each at wholesale and $24.95 at retail; Miller had last seen them just before Mrs. Appleby went to lunch. The dresses were missing and Miller had given no one permission to remove them from the show room. The witness identified a strip of fabric shown to him by the deputy district attorney as part of the material from which one of the dresses had been cut; the fabric was received in evidence without objection. No other dresses were made from the remnants.

Several weeks later, appellant returned to the premises and had a conversation with Miller. When the deputy asked Miller to relate the substance of the conversation, appellant's

counsel objected that the corpus delicti of the offense had not been established; the objection was overruled and it was not renewed. Miller testified that he asked appellant if he had been in the place before and appellant replied that he always came there for donations. When asked if he "got anything," Dunn said: "Well, you gave me things from time to time." Miller replied: "I never gave you a thing in my life. I never saw you before in my life except I think you are the man who was up here once before and something very peculiar happened." Miller then asked appellant to stay in order to make sure that he had not taken any dresses; Dunn became very indignant. When Miller told appellant that he intended to call the police, Dunn said "Well, I won't stay" and promptly left. Miller accompanied him down the elevator and followed him for several blocks, whereupon appellant put his hand in his pocket and said: "Look, you get away from me or I will pull a knife on you." Appellant then ran across the street against a red traffic signal and Miller was unable to catch up with him.

John Montana was the elevator operator who conducted appellant to and from Miller's establishment on June 25th. On the way up, Dunn was holding a few papers. On the way down, Montana saw him wrapping a bundle under his arm; the bundle was not wrapped in newspaper; it contained some kind of material. When shown the fabric identified by Miller, Montana stated that it was similar to the material that was in the bundle.

Carl W. Rogers, a police officer for the city of Los Angeles, testified that he had a conversation with Dunn prior to his arraignment. The officer asked appellant if he had anything to say before he was brought into court and Dunn replied: "I will gladly plead guilty to petty theft, but I don't want to go back to the joint," and "If you will take me out to the Lincoln Heights Jail and book me petty theft I will plead guilty to it."

A former conviction of petit theft with a prior conviction of felony was established by evidence which was introduced without objection. Its sufficiency is not questioned on the appeal.

Appellant testified in his own behalf that he did not take any dresses belonging to Miller. He went to the premises on June 25th to solicit funds for the AME Church of Christ, of which he was an ordained minister; he did not have a license from the city to solicit funds. He spoke to Mrs. Appleby, who

refused to give him a donation, whereupon he left; Mrs. Appleby was still in the office when he departed. On returning to the premises some weeks later, Miller asked him if he had taken the dresses, and he denied his guilt to Miller. Miller went down the elevator with him, but he did not run away from Miller or threaten him with a knife. A month later, some policemen came to his apartment, searched it and found two dresses and some other women's clothing in a foot-locker. He had purchased the dresses at Grayson's Department Store in the company of his fiancée. Appellant denied stating to Officer Rogers that he would plead guilty to petit theft; he told the investigating officers that he was willing to plead guilty to soliciting funds without a license.

At the conclusion of Dunn's testimony, the deputy district attorney sought and obtained a several days' continuance in order to procure the attendance of the investigating officers who, he stated, "had recovered the property and could tie in the property to the evidence here." However, when the trial was resumed, the People introduced no further evidence.

Upon request for appointment of counsel on the present appeal, the court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals for report to the court as to possible merit in the appeal. The matter was assigned to a member of the committee who has made written report to the court stating that the record had been examined and that in the opinion of the attorney it disclosed no valid ground of appeal. After we had examined the record, the request for appointment of counsel was denied. Appellant was duly so advised and his time to file a brief was substantially extended. Appellant has filed a brief in propria persona. His sole contention is that the evidence was insufficient to establish his guilt of an offense of theft. In accordance with our practice, we have made a thorough study of the record. We have discovered no insufficiency of the evidence and no error at the trial.

■ Theft is characterized as the felonious taking of property which is not one's own. (Pen. Code, § 484; *People* v. *Moorhead*, 104 Cal.App.2d 688, 694 [232 P.2d 268].) ■ In a prosecution for petit theft, the People must prove an unlawful taking and asportation of property of some intrinsic value with the intent to deprive the owner thereof. (*People* v. *Williams*, 73 Cal.App.2d 154, 157 [166 P.2d 63].)

■ In our opinion, there was sufficient evidence to prove appellant guilty of theft. Dunn admitted being on the prem-

ises shortly before the time when the dresses were found to be missing. The court could reasonably infer from the testimony of Miller, Montana and Mrs. Appleby, from the evidence of appellant's actions when accused by Miller and from his offer to plead guilty to petit theft, that Dunn went to the premises on a pretext of soliciting funds, waited until the bookkeeper went to lunch, and took the dresses from the show room, attempting to conceal them in a bundle under his arm. Appellant refers in his brief to several inconsistencies in the testimony of Montana and Miller, for example, that the two witnesses gave different descriptions of the bundle. But the resolution of inconsistencies and the weight to be accorded to their testimony were questions for the trier of fact, not for a reviewing court. (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778] ; *People* v. *White,* 35 Cal.App.2d 61, 69 [94 P.2d 617].)

 The court did not commit error in permitting Miller to relate his conversation with appellant. The corpus delicti of the offense had been established by Miller's testimony that the dresses were in the show room prior to Dunn's arrival on June 25th, that they were missing after his departure, and that Miller had given no one permission to take them. (*People* v. *Kross,* 112 Cal.App.2d 602, 609 [247 P.2d 44], and cases cited.)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.