[Crim. No. 3585. First Dist., Div. Two. July 1, 1959.]

## THE PEOPLE, Respondent, v. MAURELL MACK, Appellant.

James F. Thacher, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant and one Surrell were found guilty by a jury of robbery in the first degree. The evidence showed that on November 16, 1957, at about 1:20 a.m., Mrs. Jenkins was working alone in the Clown Liquor Store in a rear storeroom. She heard the buzzer sound indicating that a customer had entered the store. At the door between the storeroom and the store Mrs. Jenkins was met by appellant who said "Get over there" indicating the direction of the cash

register. Appellant pulled back his coat and Mrs. Jenkins saw the handle of a gun protruding from the waistband of his trousers. As Mrs. Jenkins was placing some wine bottles which she had brought from the storeroom on the counter, she first noticed Surrell standing in front of the cash register. He handed her a paper bag into which she placed the money from the cash register and handed the bag to appellant who was standing next to her on the "work side" of the counter. Appellant then stated "Get back in that room and shut that door." Mrs. Jenkins backed into the storeroom and appellant and Surrell ran from the store. She then emerged from the storeroom and "pushed the button for the police."

Immediately after the robbery appellant, who was 27 years of age, was described by Mrs. Jenkins as being "around in [his] forties." Subsequently Mrs. Jenkins identified appellant at a lineup, at the preliminary hearing and on the trial, as one of the robbers.

Two points only are made on appeal: 1. that the identification of appellant by Mrs. Jenkins as one of the robbers was inherently improbable; and 2. that the evidence is insufficient to show that appellant was armed "with a dangerous or deadly weapon."

■ 1. None of the discrepancies in Mrs. Jenkins' statements rendered her positive identification inherently improbable as that term has been defined in the cases. (*People* v. *Lyons*, 47 Cal.2d 311, 319-320 [303 P.2d 329] ; *People* v. *Huston*, 21 Cal. 2d 690, 693 [134 P.2d 758].) Her failure to remember whether appellant's face was scarred or he wore a mustache and her statement to the police that he was about 40 were factors for the jury to weigh, nothing more. (*People* v. *Houser*, 85 Cal. App.2d 686, 694 [193 P.2d 937] and cases cited.)

■ 2. While the witness testified that she could not describe the shape or color of the gun that she saw protruding from appellant's waistband and did not know anything about guns anyway her testimony was positive that it was a gun that she saw. This also presented a jury question which the jury resolved against appellant. (*People* v. *Green*, 93 Cal.App. 435, 437 [269 P. 687].)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.