[Crim. No. 7215. Second Dist., Div. Two. Mar. 21, 1961.]

THE PEOPLE, Respondent, v. GLENN ROY MILLER, Appellant.

Glenn Roy Miller, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was found guilty of first degree robbery as charged in two counts. Motion for new trial denied. He appeals from the judgment.

Appellant was arrested on October 23, 1959; the information was filed on November 6, 1959. He was represented by a deputy public defender at the time of arraignment and plea; also on December 18, the date set for trial, and on December 21 the date to which the matter was continued. On the latter date, appellant's motion to dismiss the public defender was denied; his request for the transcript of certain testimony given in a related trial was granted. Trial was reset for January 4, 1960, upon which date at defendant's personal request the public defender was relieved as counsel, appellant was substituted in propria persona, and the cause was con-

tinued to January 18. On January 7 appellant appeared with a deputy public defender and the cause was reset for trial on January 8. Thereafter appellant appeared in propria persona. On January 8 the matter was continued to February 4 at the request of appellant, upon which date the cause was called for a jury trial. He announced that he was ready for trial and conducted his own defense. He admitted a prior felony conviction.

Appellant does not question the sufficiency of the evidence, and the conviction is supported by the testimony of the two victims who supplied the details of the robberies which occurred on August 14, 1959, and who identified appellant as one of the two men who held them up; also, a latent fingerprint found on an object at the scene was found by an expert to be that of appellant. Appellant points to certain purported inconsistencies in the testimony of the two victims relating to the clothing worn by appellant at the time of the robberies. The record discloses that appellant's attempted impeachment brought forth no real discrepancies. In any event, questions as to the weight to be given the evidence, the credibility of witnesses, and the resolution of inconsistencies, are matters for the determination of the triers of fact and not for this court on appeal. (*People* v. *Barbera,* 50 Cal.2d 688, 692 [328 P.2d 973]; *People* v. *Bahara,* 159 Cal.App.2d 160, 161 [323 P.2d 453]; *People* v. *Dunn,* 164 Cal.App.2d 335, 339 [330 P.2d 481].) There is nothing inherently improbable in any of the testimony (see *People* v. *Linden,* 52 Cal.2d 1, 30 [338 P.2d 397]), and evidence of identification appears ample. (See *People* v. *Barnett,* 159 Cal.App.2d 22, 29 [323 P.2d 96]; *People* v. *Murphy,* 173 Cal.App.2d 367, 375 [343 P.2d 273]; *People* v. *Hornes,* 168 Cal.App.2d 314, 319 [335 P.2d 756].)

Appellant contends that probable cause for the arrest was not established at the preliminary hearing; that he was arrested without a warrant; that one Robert Blanks was arrested driving the get-away car from the robbery and was the person who informed on him; that the prosecution dismissed the information so that Blanks could be a witness for the People; that he had the right to be confronted with this "informer" as well as the arresting officer, neither of whom was called by the prosecution as a witness. The transcript of the preliminary hearing is not before us and all of these matters are completely outside the record on appeal, thus may not be considered here (*People* v. *Dupree,* 156 Cal. App.2d 60, 64 [319 P.2d 39]; *People* v. *Ruiz,* 103 Cal.App.2d

146, 150 [229 P.2d 73]). ■ Moreover, since there was no motion to dismiss the information, the contention by appellant that he was committed without probable cause cannot be raised or considered on appeal. (Pen. Code, §§ 995, 996; *In re Berry,* 43 Cal.2d 838, 844 [279 P.2d 18]; *People* v. *Leon,* 152 Cal.App.2d 49, 50 [312 P.2d 736]; *People* v. *Dupree, supra,* 156 Cal.App.2d 60, 66.)

■ Appellant also complains that he was not confronted with the two witnesses at the trial, namely, "phantom informer" Blanks and arresting officer Parker,—thus he was deprived of the right of cross-examination and a fair trial, requiring reversal. The question of probable cause was not presented in the trial court. The prosecution need not call all witnesses who might have some knowledge of the crime (*People* v. *O'Neill,* 78 Cal.App.2d 888, 892 [179 P.2d 10]; *People* v. *Taylor,* 159 Cal.App.2d 752, 756 [324 P.2d 715]), and appellant advised the court that the district attorney had served all of his witnesses, that he had made no demand that had not been complied with; also, except for his remark that he noticed that the arresting officer was not called, he made no reference to a desire to call other witnesses.

There is no merit to the contention that there was an illegal search and seizure, and in any event there was no objection to any of the evidence on that ground. ■ Nor need we dwell on the claim that appellant was compelled to testify against himself because he was not confronted with the "informer." The record indicates that he voluntarily testified in his own defense, and of course was subject to cross-examination.

■ The next claim is that he could not be found guilty of first degree robbery because the guns were not produced at the trial. There is no requirement that the weapon be produced. ■ Both robbery victims testified that both appellant and his accomplice were armed with guns which they used in accomplishing the robbery. This evidence was sufficient to support the finding of first degree robbery. (See *People* v. *Gardner,* 128 Cal.App.2d 1, 4 [274 P.2d 908]; *People* v. *Billingsley,* 161 Cal.App.2d 247, 250-251 [326 P.2d 642]; *People* v. *Mack,* 171 Cal.App.2d 631, 632 [341 P.2d 334].)

Appellant claims that the court lost jurisdiction because of its failure to bring him to trial within 60 days after the filing of the information as required by Penal Code, section 1382. Said 60-day period expired on January 5, 1960, and he was not brought to trial until February 4. ■ The right to

dismissal arises only if there was no good cause for the delay (see Pen. Code, § 1383), and the burden of showing such cause is on the prosecution (*People* v. *Fegelman,* 66 Cal.App.2d 950, 955 [153 P.2d 436]). Respondent points out that on December 21 appellant requested the preparation of certain transcripts of another trial, however it would appear that this delay would not necessarily constitute a waiver; it all occurred well within the 60-day period, and trial was then reset for January 4, within said period. However, when on January 4 the matter was continued to January 18th, there is no indication that appellant voiced an objection, nor do the minutes disclose the reason or upon whose request the matter was so continued. Under these circumstances it will be presumed that the postponement was with the sanction of appellant. (See *People* v. *Baker,* 164 Cal.App.2d 99, 102-103 [330 P.2d 240].) " 'The purpose of an objection to a trial date beyond the 60-day period is to give the court an opportunity to fix an earlier date. If an objection is not made within the 60-day period, it cannot validly be made at all.' " (*People* v. *Contrerai,* 172 Cal.App.2d 369, 371 [341 P.2d 849].) The record shows no objections and no motion to dismiss during said 60-day period, and that any delays thereafter were for the benefit of appellant, or at his request. In this connection appellant states "that when counsel sought to solicit defendant to waive such right to a 'speedy trial' counsel was discharged, and, in these circumstances, it was fundamental error for the trial judge to fail to provide other counsel for defendant, whether requested or not." Appellant again refers to something outside the record. The record before us shows that appellant, being fully advised, waived his right to counsel and expressly stated his desire to represent himself.

There is no merit to the contention that appellant was not permitted to finish giving his grounds for a new trial; and the contention that the reporter deleted or suppressed certain material from the transcript in proceedings on January 25 requires no consideration; the transcript of that hearing is not before us.

Judgment affirmed.

Fox, P. J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied April 6, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1961.

---

*Assigned by Chairman of Judicial Council.