[Crim. No. 8556. Second Dist., Div. One. June 20, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN WALTER RIDGELL, Defendant and Appellant.

. John Walter Ridgell, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. A. Collins, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of guilty of robbery (Pen. Code, § 211) and from an order denying a motion for new trial.

In an information filed in Los Angeles County on November 15, 1961, appellant with his codefendant Mosley was charged with robbing Henry L. Turner of his wallet and money on September 13, 1961. Appellant pleaded not guilty. He was represented by separate counsel and a jury trial was waived. The court found both defendants guilty of robbery in the second degree. Motions for new trial and probation were denied and appellant was sentenced to the state prison.

On September 13, 1961, Henry Luke Turner, sometimes hereinafter referred to as "the victim" or as "Turner" was at about 2:30 a.m. in the area of the Los Angeles General Hospital. He was waiting at that time for a bus when two Negroes (the codefendants) drove up in an automobile and offered to give him a lift. Turner told them that his home was in South Pasadena. The defendants agreed to take Turner home if he would purchase for them a tank of gasoline for the car. Turner got into the automobile and they proceeded to a nearby gasoline station. The gasoline tank of the car was filled at the station and Turner gave to the station attendant his credit card for the purpose of making a memorandum of delivery.

Alfred Williams, the attendant at the gasoline service station at the time in question, stated that an automobile driven by appellant with Turner, a Caucasian, as a passenger seated on the right hand side next to the car window, came into the service station at about the time in question. The codefendant was seated between Turner and appellant. Williams further stated that he filled the tank of the automobile with gasoline, received a credit card from Turner, made out a memorandum of delivery for the merchandise and returned the credit card to Turner. The memorandum of delivery showed the license number of the car which appellant was driving. The memorandum was introduced into evidence.

When the automobile left the gasoline station the occupants were seated as indicated and appellant drove toward the

Santa Ana Freeway. Turner then realized that something was wrong. At a red signal light street stop Turner jumped out of the car. He walked across the street to catch a taxi or bus to go downtown. Appellant drove the automobile to the place where Turner was standing and the two occupants of the automobile got out. Turner recognized the occupants of the car as the codefendants and the car as the one in which he had been riding. The defendants stated to Turner, ''Give us what you've got or else you get it.'' The codefendant was back of Turner and the appellant in front of him. Both defendants attacked Turner and he fell to the ground. The codefendant grabbed Turner's throat and appellant took his wallet and money. Turner did not see where the defendants then went. The victim called for help and yelled to the effect that he had been robbed. Persons who apparently lived close by answered the call for help and made the situation known to the police. At the spot where Turner was robbed the police found some items which had been dropped from his wallet (among such being the memorandum of delivery slip from the gasoline station). ▮ At the hearing on the motion for a new trial, an officer stated that the victim had identified the codefendants from photographs both before and after the trial. At that hearing counsel for appellant in effect stipulated that the identifying witness (the victim) had identified a picture of appellant and had stated that appellant was the person who committed the crime against him.

Appellant now asserts in effect that the evidence was insufficient to support the judgment, that there was a variance between the charge in the information and the proof, that there was prejudicial misconduct by the prosecutor and that he was convicted on hearsay testimony.

The victim made a sufficient identification of the two defendants as the persons who robbed him at the time and place in question. (See *People* v. *Harris,* 87 Cal.App.2d 818, 823-824 [198 P.2d 60]; *People* v. *Jackson,* 183 Cal.App.2d 562, 567-568 [6 Cal.Rptr. 884]; *People* v. *Jordan,* 188 Cal. App.2d 456, 463 [10 Cal.Rptr. 495]; *People* v. *Mack,* 171 Cal.App.2d 631, 632 [341 P.2d 334]; *People* v. *Treggs,* 171 Cal.App.2d 546, 550 [341 P.2d 347]; *People* v. *McLaine,* 204 Cal.App.2d 96, 102 [22 Cal.Rptr. 72]; *People* v. *Gaines,* 192 Cal.App.2d 128, 138 [13 Cal.Rptr. 359]; *People* v. *Thompson,* 147 Cal.App.2d 543, 547 [305 P.2d 274].)

▮ Appellant contends that there was some inconsistency in the testimony of one of the witnesses (Brown) at the

time of the hearing of the motion for a new trial. It is not particularly important what he said at that time and in any event it is not our function to resolve conflicts in the evidence, pass on the credibility of witnesses or determine where the preponderance of evidence lies. (*People* v. *Dills,* 171 Cal. App.2d 256, 260 [340 P.2d 273] ; *People* v. *Harding,* 180 Cal. App.2d 152, 155 [4 Cal.Rptr. 120].)

The claim of variance is without merit. Appellant states in effect that he was charged with taking a certain amount of money from the victim when the proof showed only that he took a lesser amount of money from the victim. (See *People* v. *Anderson,* 59 Cal.App. 408, 428 [211 P. 254] ; *People* v. *Baker,* 25 Cal.App.2d 120 [76 P.2d 715].) No objection was made to this variance at the time of trial and such is now waived. (See *People* v. *Holland,* 158 Cal.App.2d 583, 586 [322 P.2d 983] ; *People* v. *Kitchens,* 164 Cal.App.2d 529, 547 [331 P.2d 127].)

The record does not indicate that the prosecutor in so many words stated that there was a positive, absolute identification of appellant as one of the robbers. But even if he had so stated, under the circumstances there was no reversible error present. No objection was made in the trial court to any such alleged or purported statements and under the circumstances appellant waived any right to complain now of the prosecutor's conduct (*People* v. *Houghton,* 212 Cal.App. 2d 864, 869 [28 Cal.Rptr. 351]).

Appellant's comment that he was convicted upon hearsay testimony is devoid of merit.

The judgment and the order denying the motion for a new trial are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.