[Crim. No. 7215. Second Dist., Div. Two. July 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GLENN ROY MILLER, Defendant and Appellant.

Glenn Roy Miller, in pro. per., and Bertram H. Ross, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant was found guilty of first degree robbery as charged in two counts. Motion for new trial denied. He appeals from the judgment.

The cause having regularly come before us upon the merits the judgment was affirmed in *People* v. *Miller,* 190. Cal. App.2d 361 [11 Cal.Rptr. 920]. The Supreme Court denied a hearing on May 16, 1961, and the remittitur issued in due course. Thereafter, upon petition of appellant, based upon the fact that his application for appointment of an attorney to represent him upon appeal, made prior to the hearing upon the merits, had been denied by this court, and, acting under the compulsion of *Douglas* v. *California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], we recalled the remittitur, vacated our judgment, appointed an attorney to represent appellant

throughout further stages of the cause, gave him time for preparation and filing of an opening brief and placed the cause upon the July 1963 calendar for hearing. Appointed counsel duly served and filed an opening brief and respondent interposed an answering brief; the cause is again before us upon the merits.

■ Appointed counsel has abandoned the points raised in appellant's pro. per. brief, which were passed upon in our former opinion. Counsel presents the cause upon this basis: "It is our view that the trial court erred in permitting the appellant to act as his own attorney and did not insist that appellant either have counsel represent him or else appoint counsel to confer and assist appellant in the course of the trial," and "[i]t is our considered opinion that the trial court, if it did not insist upon appellant appearing by and through counsel, should at least have appointed counsel to sit at the counsel table with appellant and assist him during the trial."

We refrain from repeating our views upon the points raised by appellant upon the former hearing and incorporate herein by reference the treatment of same found in our opinion which appears in *People* v. *Miller, supra,* 190 Cal. App.2d 361.

Concerning the alleged asserted obligation of the trial court to appoint an attorney for defendant after he had twice insisted upon discharge of the public defender who had been representing him, we first quote the second paragraph of the former opinion: "Appellant was arrested on October 23, 1959; the information was filed on November 6, 1959. He was represented by a deputy public defender at the time of arraignment and plea; also on December 18, the date set for trial, and on December 21 the date to which the matter was continued. On the latter date, appellant's motion to dismiss the public defender was denied; his request for the transcript of certain testimony given in a related trial was granted. Trial was reset for January 4, 1960, upon which date at defendant's personal request the public defender was relieved as counsel, appellant was substituted in propria persona, and the cause was continued to January 18. On January 7 appellant appeared with a deputy public defender and the cause was reset for trial on January 8. Thereafter appellant appeared in propria persona. On January 8 the matter was continued to February 4 at the request of appellant, upon which date the cause was called for a jury trial.

He announced that he was ready for trial and conducted his own defense. He admitted a prior felony conviction." (*People* v. *Miller, supra,* pp. 362-363.)

Under these circumstances there was no obligation resting upon the court *ex mero motu* to reappoint the same attorney or to appoint another one for defendant, nor was appellant entitled to have counsel appointed to sit at the counsel table with him and thus assist him during the trial.

■ *People* v. *Mattson,* 51 Cal.2d 777, 793-794 [336 P.2d 937]: "The right of an accused to the services of an attorney contemplates that the attorney will investigate possible defenses or alternative procedures and advise the accused of his conclusions, not, as this defendant requested, that the attorney will act as a *mere subservient helper under the direction of the accused.* ■ Neither the express provisions of California law nor general considerations of fairness require that an intelligent, competent defendant who obdurately insists upon controlling and conducting his own defense should be entitled as a matter of right to the services of counsel to act under defendant's control. ■ Where a defendant charged with crime is unable to employ counsel, is not statutorily required to have counsel . . . and is competent to decide whether he desires counsel, the defendant during the proceedings before the magistrate and the trial court has as a matter of absolute right but two choices in the matter of a court-appointed attorney: he can accept representation by counsel (as most defendants with the ability to employ counsel have the good sense to do) or he can elect to represent himself. ■ If he makes the latter election, he assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel. (*People* v. *Chessman* (1951) 38 Cal.2d 166, 174 [2] [238 P.2d 1001].)" See also, *People* v. *Darling,* 58 Cal.2d 15, 19-20 [22 Cal.Rptr. 484, 372 P.2d 316]; *People* v. *Jackson,* 186 Cal.App.2d 307, 315-317 [8 Cal.Rptr. 849]; *People* v. *Aguirre,* 181 Cal.App.2d 577, 582-583 [5 Cal. Rptr. 477]; *People* v. *Clark,* 176 Cal.App.2d 316, 318 [1 Cal. Rptr. 176]; *People* v. *Duncan,* 175 Cal.App.2d 372, 380 [346 P.2d 521]; *People* v. *Williams,* 174 Cal.App.2d 364, 382 [345 P.2d 47].

In *People* v. *Sherman,* 211 Cal.App.2d 419, 426-427 [27 Cal.

Rptr. 353], this court, discussing the same problem, said: "Appellant's second contention is that the court abused its discretion and denied appellant's constitutional rights in permitting him to discharge the public defender as his attorney and to conduct the trial on his own behalf. It is said in argument that he relied upon entrapment as a defense and the judge failed to ascertain whether he, a layman, was competent to present such a complicated issue. . . . Clearly, the court's duty, if any, to probe into defendant's ability to handle a defense of entrapment, had not arisen at the time he permitted defendant to take over his own defense. Defendant was then in the same position (so far as this matter is concerned) as if he had never been represented by a lawyer."

The court then quoted the *Mattson* case, *supra*, and continued: "We do not consider the cited case of *People* v. *Shroyer*, 203 Cal.App.2d 478, 482 [21 Cal.Rptr. 460] (no petition for hearing in Supreme Court filed), to be authority requiring the trial judge to make the suggested inquiry at the initial stages of the ordinary case wherein there has been nothing to suggest defendant's lack of competence to represent himself.

"That the rules stated in that case do not apply to a situation such as the one here presented appears from *People* v. *Thomas*, 58 Cal.2d 121, 131-132 [23 Cal.Rptr. 161, 373 P.2d 97], wherein the court said: ' "A defendant who, with an intelligent conception of the consequences of his act, declines the aid of counsel prior to or at the commencement of his trial, is not entitled thereafter to interrupt and delay the hearing at any stage he deems advantageous merely to interpose a demand for legal assistance. [Citations.] When petitioner stated at the time of his arraignment that he did not need an attorney, the court was justified in taking him at his word [citations]. His attitude, both at that time and at the commencement of the trial, was equivalent to a final declination of counsel. . . ." (*In re Connor*, 16 Cal.2d 701, 709 [108 P.2d 10].)'

"*People* v. *Harmon*, 54 Cal.2d 9, 15 [4 Cal.Rptr. 161, 351 P.2d 329]: ' "Except in certain situations not here pertinent, the court cannot force a competent defendant to be represented by an attorney." [Citations.] When defendant in this court requested termination of the appointment of his counsel we were "not required to demand that defendant, as a prerequisite to appearing in person, demonstrate either the acumen or the learning of a skilled lawyer" [citation] and,

having competently elected to represent himself, defendant "assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken" [citation].' See also *People* v. *Linden,* 52 Cal.2d 1, 18 [338 P.2d 397] ; *People* v. *Green,* 191 Cal.App.2d 280, 284-285 [12 Cal.Rptr. 591].

 "The burden rests upon the appellant to establish, when the point is raised first on appeal, that he did not competently and intelligently waive his right to counsel. (*People* v. *Feeley,* 179 Cal.App.2d 100, 106 [3 Cal.Rptr. 529] ; *Moore* v. *Michigan,* 355 U.S. 155, 161-162 [78 S.Ct. 191, 2 L.Ed.2d 167].). . . ." (Pp. 427-428.) Appellant has attempted no such proof in this case.

 "Moreover, the matter lies within the discretion of the court, as is shown by the foregoing authorities, and if error was committed it must have resulted in prejudice to defendant or the judgment will not be reversed on that ground." (*People* v. *Sherman, supra,* 211 Cal.App.2d at p. 428.) The record shows no abuse of discretion and no prejudice resulting to appellant from the ruling in this case.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1963.