**Glenn Roy MILLER, Appellant,**

v.

**R. L. EKLUND, etc., et al., Appellee.**

**No. 20365.**

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1966.

---

Glenn Roy Miller, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., James E. Kline, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

On March 6, 1960, Miller was sentenced, following his conviction by a jury in California Superior Court, on two counts of armed robbery (Calif.Pen.Code § 211).[1] He seeks habeas corpus. The trial court denied the writ without issuing an order to show cause and without a hearing.

## I.

■ *Unlawful arrest.* Miller says that he was arrested without a warrant and without probable cause. "The arresting officer was basing his probable cause on informer information." It appears that a preliminary hearing was held, at which he was represented by counsel, that the magistrate found probable cause, and that he was held for trial. Standing alone, these allegations do not support a claim for federal habeas corpus.[2] Fernandez v. Klinger, 9 Cir., 1965, 346 F.2d 210, 211–212; Latimer v. Cranor, 9 Cir., 1954, 214 F.2d 926, 928; Hampson v. Smith, 9 Cir., 1946, 153 F.2d 417, 418.

## II.

*Unlawful search.* Miller asserts that the unlawful arrest was followed by an unlawful search of his home. He says that at the preliminary hearing two items of clothing, a brown cap and a gray plaid jacket, "that was taken from the defendant during a secret interrogation" and were the fruits of the unlawful arrest, were introduced. He does not allege that these or any items were taken from his home during the search. He does allege that when he was arrested, he was wearing the jacket. Just where or when the police obtained his cap is not stated. It would appear, in view of the language we have quoted, that he probably wore the cap when taken to jail. He also says that the victims of the robbery identified the cap and jacket in a one man

---

1. His conviction was affirmed on appeal, People v. Miller, D.C.A.Cal.1961, 190 Cal. App.2d 361, 11 Cal.Rptr. 920. His conviction became final 90 days thereafter, or on August 14, 1961 (see People v. Polk, Cal.1965, 63 Cal.2d 443, 47 Cal.Rptr. 1, 406 P.2d 641.) His conviction thus became final after the decision in Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684,

6 L.Ed.2d 1081. See Linkletter v. Walker, 1965, 381 U.S. 618, 622 n. 5, 85 S.Ct. 1731, 14 L.Ed.2d 601.

2. We are not to be understood to hold that a mere conclusionary statement that the arrest was unlawful, or without probable cause, is a sufficient allegation to require the habeas corpus court to act upon it. We do not reach that question.

lineup during secret pre-trial investigation, and testified about them at the preliminary examination. So far as appears from the petition, neither item was used against him at the trial.

 The use, as evidence, of items of *clothing* worn by the accused when arrested does not, in our opinion, violate any of his federal constitutional rights. His *clothing* was no more the "fruit" of an unlawful arrest than he was.

 At the trial, fingerprints taken from Miller when he was booked at the jail were used against him. This did not deprive him of any federal constitutional right. Cf. Schmerber v. State of California, 1966, 384 U.S. 757, 764, 86 S. Ct. 1826, 16 L.Ed.2d 908.

### III.

 *Interrogation.* Miller says that, after his arrest, he was interrogated without counsel, not advised of his right to counsel, and was denied counsel although he asked to call his lawyer. He states that when arrested at his home, he was "pistol-whipped," handcuffed, kicked in the stomach and "knocked down and out" because he would not sign an incriminating statement, and that he was later interrogated repeatedly. It does not appear, however, that he ever gave an incriminating statement, or that, if he did, it was used against him. Assuming the truth of these charges, they do not entitle him to relief in federal habeas corpus. Misconduct by the police, however reprehensible, is not a ground for federal habeas corpus if it does not contribute to a conviction.

### IV.

 *Lack of counsel.* Miller says that he had no counsel when brought before a magistrate. However, all that he alleges is that bail was set and he was bound over to preliminary examination. He did have counsel at that examination. He pleaded not guilty. These facts do not entitle him to federal habeas corpus. Wilson v. Harris, 9 Cir., 1965, 351 F.2d 840, 844–845; Marcella v. United States, 9 Cir., 1965, 344 F.2d 876, 881–882.

He then discharged his counsel—the public defender—and proceeded to trial in pro. per. This was done with the permission of the court. There is no allegation that the court did not then determine that his decision was voluntary within the rule in Johnson v. Zerbst, 1938, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461. The Los Angeles County Superior Court, where Miller was tried, operates on the master calendar system. Miller first moved to dismiss his counsel before Judge Drucker, who denied the motion. He again made the same motion before Judge Wheatcraft, which was granted. He came to trial before Judge Beck, who accepted without further inquiry Miller's decision to represent himself. This was proper; absent some motion on Miller's part, or other facts indicating to the contrary, Judge Beck was entitled to assume, as he evidently did, that Judge Wheatcraft, in granting the motion, had fully performed his constitutional duty.

 Miller had a right to act as his own counsel if he chose to do so. So far as his allegations of fact are concerned, all that they show is that he did so choose. These allegations do not, without more, raise a federal question.

### V.

 *Confrontation.* Miller says that the arresting officer and an alleged confederate were not called as witnesses by the prosecution. He does not allege that he did not know of their existence or that he asked to call them, much less that any such request was denied. The prosecution is not obliged to call every known witness. Moreover, Miller does not allege that the testimony of either of the witnesses would have been of any assistance to him. His only claim is that he had no chance to cross-examine them. This is a far cry from Pointer v. State of Texas, 1965, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923, on which Miller relies.

### VI.

 *Self-incrimination.* Miller took the stand in his own behalf. He says that he "testified to facts that was treated as

a confession by the prosecution and the Trial Court." The contention apparently is that this violated his privilege against self-incrimination. The claim is frivolous.

Affirmed.